## MORRIS v. J. S. COPELAND ELEC. CO., Inc.

### No. 12372.

Court of Civil Appeals of Texas. Galveston.

April 3, 1952.

Rehearing Denied May 15, 1952.

George Red, Henry P. Giessel and Charles Dillingham, all of Houston, for appellant.

J. P. Markham, Jr., of Houston, for appellee.

GRAVES, Justice.

This appeal by the Plaintiff below is from a judgment of the 127th District Court of Harris County, sitting without a jury, Hon. Wm. M. Holland, judge presiding, in favor of the appellee, the Defendant below, decreeing that the accounts between the parties resulting from appellant's having been a salesman for the appellee, mutually cancelled each other, hence that the appellee owed the appellant nothing.

Appellee, a corporation, had been engaged in the business of selling electrical supplies, services and equipment, and employed the appellant as a salesman therefor in the promotion of its enterprises. The appellant had sought, as resulting from such business, in his favor, the sum of $16,192.15 plus interest, attorneys' fees, etc., declaring, especially, that under the contract between the parties he had been entitled to 5% of the contract price of the electrical construction contracts, secured by him for the appellee, whether or not they had been secured by competitive bidding on the latter's part; alternatively, he had sought compensation for all business secured by him for the appellee on a quantum meruit basis.

In support of its stated judgment, the trial court filed findings of fact and con-

clusions of law, the controlling features of which were as follows:

### Findings of Fact.

"1. That there was no contract between plaintiff and defendant by which defendant agreed to pay plaintiff a commission arrived at as a percentage of the contract price of electrical construction contracts secured by competitive bidding.

"2. That defendant had agreed to pay Plaintiff on a quantum meruit basis for the value of services rendered by plaintiff on the four competitively bid electrical construction contracts at issue in this cause.

"3. That the value of the services rendered by plaintiff to defendant on the four competitively bid electrical construction contracts at issue in this cause was the sum of $3,156.92.

"4. That plaintiff owned Defendant $3,156.92 by reason of over-payments previously made by defendant to plaintiff."

### Conclusions of Law.

"1. That plaintiff is not entitled to recover from defendant a commission arrived at as a percentage of the contract price on any of the four competitively bid electrical construction contracts at issue in this cause.

"2. That Plaintiff is entitled to recover of defendant the sum of $3,156.92 for the value of services rendered, but that defendant is entitled to offset against this sum the identical amount of $3,156.92 owned by plaintiff to defendant.

"3. That plaintiff is not entitled to any net recovery against defendant."

It is evident that the controlling question on the appeal is whether or not, under the contract of employment between the parties, the appellee had agreed to pay appellant a 5% commission on the electrical construction contracts he obtained for it—especially the four largest ones of them—that had been obtained by the appellee after bidding in competition with others therefor; the appellee denied that it had agreed to pay such a commission upon any competitively bid contracts so involved between them, especially as to such four largest ones, which were these:

| "Herman Hospital | $344,958.97 |
|---|---|
| R. Kurtz 3745 | 5,283.26 |
| R. Kurtz 3943 | 3,322.10 |
| Suniland Furniture Company | 19,835.00 |
| | $373,399.33" |

5% upon these four items would have been $18,669.97. On other items than these four contested jobs, appellant claimed the appellee to be due him $679.10.

But, as his brief thus shows, he deduced that figure also from the claimed 5% contract: "Net due plaintiff in contract-theory sustained: $16,192.15" The contract-theory not having been sustained, this item falls with it.

Since the question of whether or not, under the contract between the parties, a 5% commission was to be paid on all the electrical construction contracts obtained by competitive bidding was one of fact, this Court is without authority to set aside the trial court's quoted finding from the evidence that there was no such agreement between the parties, unless it has been shown by the appellant here that such finding was either without any proof to sustain it, or that it was so against the overwhelming weight of the evidence as to be clearly wrong; neither one of such showings has been made in this Court; indeed, the appellant does not even contend that there was such a prepondering weight of testimony against the finding, and, since he did not raise the question below, this Court cannot raise it for him. His assignments upon that feature must, therefore, be overruled.

In other assignments, appellant contends that the court, in effect, at least, denied him a right to present evidence on his claims for compensation in quantum meruit, and his asserted right to recover on that theory.

It is held that these presentments point out no reversible error; to the contrary, the quoted findings of the court show that,

in fact, he was both allowed to present evidence on his quantum meruit claim, as well as to recover on that theory, for the value of the services he testified to; indeed, as the court's quoted findings show, he was allowed to recover and credited with what the court found to be the quantum meruit value, even of the four largest competitively bid contracts shown supra, which amount the court fixed at $3,156.92.

Neither is it shown that there was any deleterious effect upon any amount for a recovery appellant actually had from any of the trial court's criticized rulings upon evidence; on the other hand, as before indicated, there was, presumptively at least, in the absence of any sufficient attack thereon, sufficient properly admitted evidence to sustain appellant's right of recovery on the quantum meruit theory, which the court below allowed him.

These conclusions require an affirmance of the trial court's judgment. It will be so ordered.

Affirmed.